UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DANY MARTINEZ FLORES, | Case No. 24-cv-4143 (LMP/JFD) |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO SUBSTITUTE PARTY** |
| UNITED STATES POSTAL SERVICE and MARK JUFFER, | |
| Defendants. | |

Plaintiff Dany Martinez Flores ("Martinez Flores") commenced this action seeking monetary damages arising from the allegedly negligent or wrongful actions or omissions of Defendant Mark Juffer ("Juffer"), an employee of Defendant United States Postal Service ("USPS"), while Juffer was acting within the scope of his employment with USPS. *See generally* ECF No. 1. USPS and Juffer (the "Named Defendants") now move to substitute the United States of America as the proper and sole defendant pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–80.[1] ECF No. 10. The Named Defendants also seek to be dismissed with prejudice from this case. *Id.*

Under the FTCA, the exclusive remedy for injury to a person or property caused by the negligent or wrongful act or omission of any employee of the United States while acting

---

[1] It is unclear whether Martinez Flores opposes the Named Defendants' motion because counsel for Martinez Flores did not respond to several attempts by counsel for the Named Defendants to meet and confer regarding the Named Defendants' motion. ECF No. 13.

within the scope of his office or employment is an action against the United States. 28 U.S.C. § 2672. In other words, neither the federal employee nor the federal agency for which the employee works may be sued if the employee was acting within the scope of his employment when the incident underlying the plaintiff's claim occurred. *Knowles v. United States*, 91 F.3d 1147, 1150 (8th Cir. 1996) ("When someone is injured by a tort committed by an employee of the United States who is acting within the scope of his employment, that employee cannot be sued."); *Duncan v. Dep't of Lab.*, 313 F.3d 445, 447 (8th Cir. 2002) (per curiam) (citation omitted) ("Because a federal agency cannot be sued under the [FTCA], the United States is the proper defendant.").

The FTCA also provides that:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States . . . and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(1). The United States Attorney for the district where the civil action is brought is also "authorized to make the statutory certification that the Federal employee was acting within the scope of his office or employment . . . at the time of the incident out of which the suit arose." 28 C.F.R. § 15.4(a).

Ana H. Voss, the Civil Chief for the United States Attorney's Office for the District of Minnesota, with authority delegated to her by Lisa D. Kirkpatrick, the Acting United States Attorney for the District of Minnesota, has certified that Juffer was acting within the scope of his federal employment with USPS at the time of the incident alleged in Martinez

Flores's complaint. ECF No. 15. Accordingly, the Named Defendants may not be sued in this case, *see Knowles*, 91 F.3d at 1150; *Duncan*, 313 F.3d at 447, and "the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(1).

## ORDER

Based on the foregoing, and all the files, records, and proceedings in the above-captioned matter, **IT IS HEREBY ORDERED** that:

1. The Motion of the Defendants United States Postal Service and Mark Juffer to Substitute the United States of America for Defendants and to Dismiss Defendants with Prejudice (ECF No. 10) is **GRANTED**;

2. The United States of America shall be substituted as the sole Defendant in this matter;

3. Defendants United States Postal Service and Mark Juffer are **DISMISSED WITH PREJUDICE**; and

4. The Clerk of Court is directed to recaption this case as *Dany Martinez Flores v. United States of America*.

Dated: February 7, 2025         s/Laura M. Provinzino
                                Laura M. Provinzino
                                United States District Judge